UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SACRED HEART UNIVERSITY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| SPORTSWEAR INC. d/b/a | ) | CASE NO. 3:23-cv-0698 |
| PREP SPORTSWEAR, | ) | |
| CHAD HARTVIGSON, | ) | JURY TRIAL DEMANDED |
| GRANT HARTVIGSON, and | ) | |
| ERIK HARTVIGSON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR INJUNCTION AND DAMAGES

Plaintiff Sacred Heart University, Inc. ("Plaintiff") files this Complaint for Injunction and Damages ("Complaint") against Defendants Sportswear Inc. d/b/a Prep Sportswear, Chad Hartvigson, Grant Hartvigson, and Erik Hartvigson (collectively, "Defendants"). Plaintiff's allegations are based upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Sacred Heart University, Inc. is a Connecticut non-profit corporation having a business address of 5151 Park Avenue, Fairfield, Connecticut 06825.

2.     Defendant Sportswear d/b/a Prep Sportswear ("Sportswear") is a Washington corporation with a business address of 2211 Elliott Avenue, Suite 601, Seattle, Washington 98121.

3.     Defendant Chad Hartvigson ("C. Hartvigson") is an individual residing in Seattle, Washington. He is the Chief Executive Officer and President of Sportswear. C. Hartvigson is personally engaged in, and helped facilitate, the improper conduct described herein.

4.      Defendant Grant Hartvigson ("G. Hartvigson") is an individual residing in Seattle, Washington.  He is the Secretary of Sportswear.  G. Hartvigson is personally engaged in, and helped facilitate, the improper conduct described herein.

5.      Defendant Erik Hartvigson ("E. Hartvigson") is an individual residing in Seattle, Washington.  He is a Digital Marketing Manager at Sportswear.  E. Hartvigson is personally engaged in, and helped facilitate, the improper conduct described herein.

6.      C. Hartvigson, G. Hartvigson, and E. Hartvigson control, are, and always have been directly responsible for all of the acts and omissions of Sportswear, including the unlawful activities detailed in this Complaint.

7.      At all times relevant hereto, Defendants have failed to observe the corporate formalities required by law, have acted as a single entity, and have shared resources and corporate infrastructure including, but not limited to, computer services, employees, and office space. Accordingly, each Defendant is liable for the acts and omissions of every other Defendant pursuant to, among other legal theories, piercing of the corporate veil and/or alter ego.

8.      Each Defendant is the partner, joint venturer, accomplice, agent, and alter ego of each of the other Defendants.

9.      Each Defendant is likewise liable in relation to the unlawful activities described herein on the basis of Defendant's material participation in the illegal activities.

10.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§1331, 1332, and 1338 because Plaintiff's claims for violation of the United States Trademark Act, Title 15 of the United States Code, arise under federal law, and because diversity exists between the parties and the amount in controversy exceeds $75,000 exclusive of costs, fees, and interest.  Pursuant to 28

U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

11.     All Defendants are subject to the personal jurisdiction of this Court because they have conducted, engaged in and carried out business ventures within the State of Connecticut; the causes of action asserted in this Complaint arise out of Defendants' contacts with Connecticut and this District; and Defendants have caused tortious injury to Plaintiff in Connecticut and this District.  Defendants are also subject to jurisdiction pursuant to, among other sources, the Connecticut Long-Arm Statute and the principles set forth in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).

12.     Defendants own and/or operate the www.prepsportswear.com website, which is an interactive website that requests visitors to purchase counterfeit and infringing goods.

13.     Defendants created or contributed to the creation of their infringing wwww.prepsportswear.com website, which is accessible to consumers in Connecticut. Defendants target Connecticut consumers by operating a fully interactive online website that is viewable by Connecticut consumers.

14.     Defendants have had continuous, systematic, and substantial contacts within Connecticut, including targeting consumers in Connecticut and causing harm to Plaintiff within this District.

15.     Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, the impact of Defendants' misconduct occurred in this District, and/or Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16.     Plaintiff was founded in 1963 as an independent Catholic University.  It is the first Catholic University in America to be led and staffed by lay people.

17.     Plaintiff has over 9,700 students.  For the 2021-2022 school year, undergraduate and graduate students hailed from 46 states, the District of Columbia, two U.S. territories, and over 40 countries.

18.     Plaintiff has nearly 90 undergraduate, graduate, doctoral and certificate programs.

19.     Over the years, Plaintiff has received numerous accolades.  Most recently: (1) The Princeton Review named it one of The Best 388 Colleges: 2023 Edition and one of the Best Business Schools:  2022 Edition; (2) U.S. News & World Report named it one of the Best National Universities, Best Undergraduate Business Schools, Best Undergraduate Nursing Programs, Best Online Bachelor's Programs, Best Online Master's in Nursing Programs, Best Part-Time MBA Programs, Best Graduate Nursing Programs, and Best Graduate Social Work Programs; (3) Poets & Quants named it one of the best undergraduate business schools in 2022; and (4) Colleges of Distinction recognized Plaintiff for the 2022-2023 year as a College of Distinction in the following categories: Catholic, Connecticut, business, education, nursing, and military support.

20.     Plaintiff owns federal trademark registrations for the standard character mark SACRED HEART UNIVERSITY®.  Plaintiff owns state trademark registrations for the standard character and stylized SHU® marks in Connecticut, New York, and Massachusetts (hereinafter, "Plaintiff's SHU Marks").   The stylized SHU® mark is depicted below:



Copies of the Certificates of Registration are attached as **Exhibit A**.

21.    For over thirty years, Plaintiff's sports teams have been referred to as the "Pioneers."  Plaintiff has continuously used the PIONEERS mark in connection with its goods and services.  In and around 2007, Plaintiff began using its "Big Red" Pioneer as its mascot.  Plaintiff has also adopted and continuously used various marks that incorporate the term "PIONEERS" and/or a pioneer design, including the design marks shown directly below in connection with its goods and services (collectively, the "PIONEERS Marks"):



The SACRED HEART UNIVERSITY, SHU, and PIONEER Marks will collectively be referred to as "Plaintiff's Marks."

22.     Plaintiff operates a trademark licensing program, in which it licenses its trademarks and service marks under controlled conditions for use in connection with a wide range of products and services sold to the consuming public, including apparel and accessories.

23.     As the result of the high quality of Plaintiff's products and services, the sales, promotion and advertising thereof, Plaintiff's Marks have become an intrinsic and essential part of the valuable goodwill and property of Plaintiff.

24.     Plaintiff's Marks are well known and established to consumers and the trade as symbols identifying Plaintiff's products and services, and signifying distinctive products and services of high quality.

25.     Only Plaintiff and its authorized agents are permitted to use Plaintiff's Marks.

26.     Plaintiff's Marks are valid, protectable, famous, have acquired secondary meaning, and are associated exclusively with Plaintiff.

27.     Plaintiff's Marks are widely recognized by consumers throughout the United States and in various state, including Connecticut, New York, and Massachusetts to indicate the source of Plaintiff's goods and services.

28.     Plaintiff's registered trademarks are famous and became famous in the United States and in various states, including Connecticut, New York, and Massachusetts before Defendants' use described herein.

29.     Plaintiff's SACRED HEART UNIVERSITY® marks are incontestable.  Notices of Acceptance/Acknowledgement Under Sections 8 and 15 are attached as **Exhibit B**.

30.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used, reproduced and/or copied Plaintiff's Marks in connection with their manufacturing, distributing, exporting, importing, advertising, offering for sale, and selling of

infringing products in interstate and intrastate commerce, including commerce in the State of Connecticut and in this District, which are counterfeit and infringing copies of Plaintiff's goods (hereinafter, the "Infringing Goods").  Defendants' Infringing Goods have been offered for sale on their website www.prepsportswear.com.  Representative examples of their Infringing Goods sold on their website as attached hereto as **Exhibit C**.

31.      Representative examples of Plaintiff's legitimate goods as compared to Defendants' Infringing Goods are below:

| **Plaintiff's Legitimate Goods** | **Defendants' Infringing Goods** |
|---|---|
|  |  |
| https://www.bkstr.com/sacredheartstore/product/clothing-accessories/accessories/hats-accessories/sacred-heart-university-pioneers-cap-810200-1 | https://www.prepsportswear.com/college/us/connecticut/fairfield/sacred-heart-university-pioneers/product/embroidered-fanthread-superior-cotton-twill-ball-cap?productid=5498&schoolid=2583712 |
|  |  |
| https://www.bkstr.com/sacredheartstore/product/clothing-accessories/kids/youth/boy-backfield-sst-chrd-boy-4---701101-1 | https://www.prepsportswear.com/college/us/connecticut/fairfield/sacred-heart-university- |

| | |
|---|---|
| | pioneers/product/lat-youth-football-t-shirt?productid=5330&schoolid=2583712 |
|  https://www.bkstr.com/sacredheartstore/product/clothing-accessories/men/shorts-pants-men/sacred-heart-university-jogger-pants-76812-1 |  https://www.prepsportswear.com/college/us/connecticut/fairfield/sacred-heart-university-pioneers/product/embroidered-jerzees-mens-jogger-pants?productid=5355&schoolid=2583712 |
|  https://www.bkstr.com/sacredheartstore/product/clothing-accessories/men/shorts-pants-men/ua-short-all-day-1-svhth-sm---159494-1 |  https://www.prepsportswear.com/college/us/connecticut/fairfield/sacred-heart-university-pioneers/product/embroidered-russell-athletic-mens-8-inseam-cotton-shorts-with-pockets?productid=5249&schoolid=2583712 |



https://www.bkstr.com/sacredheartstore/product/clothing-accessories/men/t-shirts-tanks-men/ua-sst-tech-1-2c-w-red-sm---686416-1



https://www.prepsportswear.com/college/us/connecticut/fairfield/sacred-heart-university-pioneers/product/iconic-mens-t-shirt?productid=5555&schoolid=2583712



https://www.bkstr.com/sacredheartstore/product/clothing-accessories/men/t-shirts-tanks-men/lst-creator-msct-f-mdght-sm---200669-1



https://www.prepsportswear.com/college/us/connecticut/fairfield/sacred-heart-university-pioneers/product/iconic-mens-long-sleeve-t-shirt?productid=5557&schoolid=2583712



https://www.bkstr.com/sacredheartstore/product/clothing-accessories/men/t-shirts-tanks-men/sacred-heart-university-short-sleeve-t-shirt-552876-1



https://www.prepsportswear.com/college/us/connecticut/fairfield/sacred-heart-university-pioneers/product/fruit-of-the-loom-mens-5oz-cotton-t-shirt?productid=5078&schoolid=2583712

32.     Defendants are not authorized licensees or distributors of Plaintiff's products or Marks.  Defendants' use of the Marks began after Plaintiff first began using the Marks and after Plaintiff obtained protectable rights in and to the Marks.

33.     Defendants are knowingly and willfully engaged in an illegal enterprise that unlawfully traffics in and resells counterfeit Infringing Products.

34.     Defendants have and are currently involved in a number of lawsuits relating to similar infringing conduct.  Representative examples of these lawsuits are:

    a. *The Trustees of Purdue University v. Sportswear Inc. and Vintage Brand, LLC*, Case No. 4:20-cv-76-RLM-APR (N.D. Ind.);

    b. *A.T. Still University of Health Sciences v. Sportswear Inc., dba Prep Sportswear*, Case No. 2:19-cv-36-JMB (E.D. Mich.);

    c. *The University of Auckland v. Sportswear Inc. d/b/a Prep Sportswear*, Case No. 3:16-cv-167-KRG (W.D. Pa.);

    d. *Baylor University v. Sportswear Inc. d/b/a Prep Sportswear, Vintage Brand, LLC, and Chad Hartvigson*, Case No. 6:21-cv-409-ADA (W.D. Tex.); and,

    e. *The Pennsylvania State University v. Sportswear Inc. d/b/a Prep Sportswear, Vintage Brand, LLC, Chad Hartvigson, Erik Hartvigson, and Michelle Young*, Case No. 4:21-cv-1091-MWB (M.D. Pa.).

## FIRST CAUSE OF ACTION

**Federal Unfair Competition, False Representation, and False Designation of Origin
Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A)**

35.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

36.     Defendants, without Plaintiff's consent, have been and are infringing at least one of Plaintiff's Marks in connection with the sale, offering for sale, distribution, and/or advertising of their products.  Such use is likely to cause confusion, to cause mistake, and/or to deceive, including by leading the public to believe, falsely, that Defendants' products, and the products advertised on their website, are the goods of Plaintiff, or are sponsored, endorsed, licensed, or approved by Plaintiff, or are in some way connected with Plaintiff.

37.     Defendants' Infringing Goods are similar and/or virtually identical to those offered by Plaintiff and constitute a colorable imitation of one or more of Plaintiff's Marks.

38.     Defendants' acts have injured and, in the absence of injunctive relief, will continue to injure, Plaintiff's image, reputation, and goodwill in Connecticut and elsewhere in the United States by creating consumer confusion and dissatisfaction, and corresponding diminution in the reputation and goodwill associated with Plaintiff's Marks.

39.     Defendants' Infringing Goods evoke an immediate, favorable impression or association, and constitute a false representation that Defendants' business has some connection, association, or affiliation with Plaintiff, and is likely to mislead the trade and public into believing that Defendants' products originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Plaintiff.

40.     Defendants are engaged in and continue to engage in the alleged activities knowingly, willfully and deliberately.

41.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

42.    Plaintiff will also be irreparably damaged unless Defendants are permanently enjoined from committing and continuing to commit such acts.

## SECOND CAUSE OF ACTION

### Federal False Advertising
### Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(B)

42.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

43.    Defendants' use of at least one of Plaintiff's Marks in commercial advertising and/or promotion misrepresents the nature, characteristics, and/or qualities of their Infringing Goods.  Such advertising and/or promotion is false and/or misleading and deceives, or has the capacity to deceive, consumers.  The deception and misrepresentations have a material effect on the purchasing decisions and affect interstate commerce.

44.    Defendants' activities constitute false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

45.    Plaintiff has been damaged and continues to be damaged as a result of Defendants' false advertising.

46.    There is no adequate remedy at law to fully compensate Plaintiff for the past and prospective harms faced by Plaintiff as a result of Defendants' conduct.

47.    Defendants are engaged in and continue to engage in the alleged activities knowingly, willfully and deliberately, so as to justify the assessment of exemplary damages and an award of, *inter alia*, Plaintiff's lost profits, Defendants' profits, Plaintiff's attorneys' fees and costs, and the cost of corrective advertising.

**THIRD CAUSE OF ACTION**

**Federal Trademark Infringement and Counterfeiting**
**Lanham Act § 32, 15 U.S.C. § 1114**

48.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

49.     Defendants are using in commerce a reproduction, counterfeit, copy, or colorable imitation of at least one of Plaintiff's federally registered marks in connection with the sale, offering for sale, distribution and/or advertising of their products in a manner that is likely to cause confusion, mistake, and deception, leading the public to believe, falsely, that Defendants' products, and the products advertised at Defendants' website, are the products of Plaintiff, or are sponsored, endorsed, licensed, or approved by Plaintiff, or are in some way connected with Plaintiff.

50.     Defendants' acts have injured and, in the absence of injunctive relief will continue to injure, Plaintiff's image, reputation, and goodwill in Connecticut and elsewhere in the United States by creating consumer confusion and dissatisfaction, and corresponding diminution in the reputation and goodwill associated with Plaintiff's federally registered marks.

51.     Defendants' use of Plaintiff's federally registered marks constitutes misappropriation of Plaintiff's distinguishing and identifying federally registered trademarks that were created as a result of significant effort and expense by Plaintiff over a long period of time.

52.     Defendants' use of Plaintiff's federally registered marks evokes an immediate, favorable impression or association, and constitutes a false representation that Defendants' business has some connection, association, or affiliation with Plaintiff, and is likely to mislead the trade and public into believing that Defendants' products originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by Plaintiff.

53.     Defendants' acts are both willful and malicious.

54.     Plaintiff is without an adequate remedy at law to redress such acts, and will be irreparably damaged unless Defendants are enjoined from committing and continuing to commit such acts.

55.     Defendants' willful and intentional activities constitute federal trademark mark infringement and counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), causing irreparable harm to Plaintiff and the public.

56.     Plaintiff is entitled to, among other relief, an award of actual damages, statutory damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**

**Federal Trademark Dilution**
**Lanham Act §43(c), 15 U.S.C. § 1125(c)**

57.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

58.     Plaintiff's Marks are distinctive and famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

59.     Plaintiff's Marks are famous throughout Connecticut and the United States.

60.     Plaintiff's Marks became distinctive and famous prior to Defendants' use of their infringing marks on their Infringing Goods and acts as alleged herein.

61.     Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of at least one of Plaintiff's Marks.

62.     Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish at least one of Plaintiff's Marks by undermining and damaging the valuable goodwill associated therewith.

63.     On information and belief, Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and unless enjoined, will continue to damage Plaintiff, which has no adequate remedy at law,

64.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FIFTH CAUSE OF ACTION

### Trademark Infringement and False Designation of Origin
### Connecticut General Statutes § 35-11i

65.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

66.     Defendants have caused and/or are likely to cause confusion (including reverse confusion), mistake, or deception as to the source of origin, sponsorship, or approval of Defendants' Infringing Goods in that consumers are likely to believe Plaintiff authorizes, controls, sponsors, endorses and/or otherwise approves Defendants' business or that Defendants are associated with or related to Plaintiff.

67.     Defendants' willful imitation and use of Plaintiff's SHU Marks in connection with the marketing, sale, and distribution of its Infringing Goods in Connecticut and elsewhere in the United States is likely to cause customers to be misled, confused, or mistaken into believing that Defendants' products are affiliated, connected, or associated with Plaintiff, that Defendants'

products originate with Plaintiff, that Plaintiff sponsors or approves Defendants' products, or that Plaintiff's genuine goods are affiliated, connected, or associated with Defendants or that Defendants sponsor or approve Plaintiff's goods.

68.     Defendants' acts have injured and/or are likely to injure Plaintiff's image, reputation, and goodwill in Connecticut and elsewhere in the United States by creating consumer confusion and dissatisfaction, as well as a diminution of the value of the reputation and goodwill associated with Plaintiff's SHU Marks.

69.     Defendants' acts constitute a willful attempt to confuse consumers and to trade on Plaintiff's well-earned reputation and goodwill established under Plaintiff's SHU Marks.

70.     Defendants' acts constitute an infringement of Plaintiff's trademark rights in violation of Connecticut General Statutes § 35-11i.

71.     Defendants' willful conduct constitutes unfair competition, as well as a false representation and a false designation of origin in violation of Connecticut General Statutes § 35-11i.

72.     Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court, and thus Plaintiff is without an adequate remedy at law.  Accordingly, Plaintiff is entitled to, *inter alia*, enjoining and restraining Defendants from using in commerce Plaintiff's SHU Marks.

**<u>SIXTH CAUSE OF ACTION</u>**

**Trademark Dilution**
**Connecticut General Statutes § 35-11i**

73.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

74.     Defendants' acts are likely to harm Plaintiff's valuable business reputation and

goodwill and are likely to impair the distinctiveness of Plaintiff's SHU Marks in violation of Connecticut General Statutes § 35-11i.

75.     Defendants' acts are likely to cause dilution by blurring of Plaintiff's distinctive SHU Marks in violation of Connecticut General Statutes § 35-11i.

76.     Defendants' acts are likely to cause dilution by tarnishment of Plaintiff's distinctive SHU Marks in violation of Connecticut General Statutes § 35-11i.

77.     Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court, and thus Plaintiff is without an adequate remedy at law.  Accordingly, Plaintiff is entitled to, *inter alia*, enjoining and restraining Defendants from using in commerce Plaintiff's SHU Marks.

<u>**SEVENTH CAUSE OF ACTION**</u>

**Violation of the Connecticut Unfair Trade Practices Act
Connecticut General Statutes §§ 42-110a *et seq*.**

78.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

79.     At all times relevant hereto, Defendants are engaged in the conduct of trade or commerce as those terms are defined by Connecticut General Statutes § 42-110a, in that Defendants are in the business of selling apparel and accessories throughout the United States.

80.     The above-described actions of Defendants, including, but not limited to, their acts of trademark infringement and counterfeiting constitute unfair methods of competition and/or unfair or deceptive practices in the conduct of trade or commerce in that the actions violate public policy, are immoral, unethical and unscrupulous, and cause substantial injury to consumers, competitors, and other businesses.

81.     The conduct of Defendants constitute a violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110a, et seq.

82.     Plaintiff has suffered an ascertainable loss within the meaning of Connecticut General Statutes § 42-110g(a) and has suffered, and will continue to suffer, damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### Trademark Infringement and False Designation of Origin
### Massachusetts General Laws Chapter 110H § 12

83.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

84.     Defendants' willful imitation and use of Plaintiff's SHU Marks in connection with the marketing, sale, and distribution of its products is likely to cause customers in Massachusetts and elsewhere in the United States, to be misled, confused, or mistaken into believing that Defendants' products are affiliated, connected, or associated with Plaintiff, that Defendants' products originate with Plaintiff, that Plaintiff sponsors or approves Defendants' products, or that Plaintiff's genuine goods are affiliated, connected, or associated with Defendants or that Defendants sponsor or approve Plaintiff's goods.

85.     Defendants' acts have injured and/or are likely to injure Plaintiff's image, reputation, and goodwill in Massachusetts and elsewhere in the United States by creating consumer confusion and dissatisfaction, as well as a diminution of the value of the reputation and goodwill associated with Plaintiff's SHU Marks.

86.     As a result of Defendants' conduct, Plaintiff has suffered or is likely to suffer diminution of the value of Plaintiff's SHU Marks.

87.     Defendants' acts constitute a willful attempt to confuse consumers and to trade on Plaintiff's well-earned reputation and goodwill established under Plaintiff's SHU Marks.

88.     Defendants' willful conduct constitutes unfair competition, as well as a false representation and a false designation of origin in violation of Massachusetts General Laws Chapter 110H § 12.

89.     Defendants' acts constitute an infringement of Plaintiff's trademark rights in violation of Massachusetts General Laws Chapter 110H § 12.

90.     Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court, and thus Plaintiff is without an adequate remedy at law.  Accordingly, Plaintiff is entitled to, *inter alia*, enjoining and restraining Defendants from using in commerce Plaintiff's SHU Marks.

### NINTH CAUSE OF ACTION

**Trademark Dilution**
**Massachusetts General Laws Chapter 110H § 13**

91.     Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

92.     Defendants' acts are likely to harm Plaintiff's valuable business reputation and goodwill and are likely to impair the distinctiveness of Plaintiff's SHU Marks in violation of Massachusetts General Laws Chapter 110H § 13.

93.     Defendants' acts are likely to cause dilution by blurring of Plaintiff's distinctive SHU Marks in violation of Massachusetts General Laws Chapter 110H § 13.

94.     Defendants' acts are likely to cause dilution by tarnishment of Plaintiff's distinctive SHU Marks in violation of Massachusetts General Laws Chapter 110H § 13.

95.    Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court, and thus Plaintiff is without an adequate remedy at law.  Accordingly, Plaintiff is entitled to, *inter alia*, enjoining and restraining Defendants from using in commerce Plaintiff's SHU Marks.

## TENTH CAUSE OF ACTION

### Trademark Infringement
### N.Y. Gen. Bus. Law § 360-k

96.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

97.    Defendants' willful imitation and use of Plaintiff's Marks in connection with the marketing, sale, and distribution of its products is likely to cause customers in New York and elsewhere in the United States, to be misled, confused, or mistaken into believing that Defendants' products are affiliated, connected, or associated with Plaintiff, that Defendants' products originate with Plaintiff, that Plaintiff sponsors or approves Defendants' products, or that Plaintiff's genuine goods are affiliated, connected, or associated with Defendants or that Defendants sponsor or approve Plaintiff's goods.

98.    As a result of Defendants' conduct, Plaintiff has suffered or is likely to suffer diminution of the value of Plaintiff's Marks.

99.    Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court, and thus Plaintiff is without an adequate remedy at law.  Accordingly, Plaintiff is entitled to, *inter alia*, enjoining and restraining Defendants from using in commerce Plaintiff's Marks.

## ELEVENTH CAUSE OF ACTION

**False Advertising**
**N.Y. Gen. Bus. Law § 350,** *et seq.*

100.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

101.    Defendants have made and are making express and implied misrepresentations about their business, website, and products as set forth with more particularity in this Complaint.

102.    In making these misrepresentations, Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading and so acted in violation of N.Y. Gen. Bus. Law § 350, *et seq.*

103.    Defendants' actions have caused specific and substantial injury to the public over and above ordinary trademark infringement as more particularly set forth above.

104.    Defendants acted without Plaintiff's consent and Defendants' conduct has resulted in substantial harm to Plaintiff as more particularly set forth above.

105.    Plaintiff requests permanent injunctive relief against Defendants pursuant to N.Y. Gen. Bus. Law § 350, *et seq.*

## TWELFTH CAUSE OF ACTION

**Trademark Dilution and Tarnishment**
**N.Y. Gen. Bus. Law § 360(L)**

106.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

107.    Plaintiff's Marks are distinctive and famous marks.

108.    Based on Plaintiff's extensive use through advertising, promotion, and marketing, Plaintiff's Marks are widely recognized by the public as a symbol of the goods and services Plaintiff provides.

109.    Plaintiff's Marks became popular and widely attributed and associated with Plaintiff prior to Defendants' sale of their Infringing Goods.

110.    Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of at least one of Plaintiff's Marks.

111.    Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish at least one of Plaintiff's Marks by undermining and damaging the valuable goodwill associated therewith.

112.    Defendants' sale of their Infringing Goods is likely to impair the distinctiveness of Plaintiff's Marks.

113.    Defendants' acts as alleged herein are intentional and willful, and unless enjoined, will continue to damage Plaintiff, which has no adequate remedy at law.

114.    Plaintiff is entitled to an injunction prohibiting Defendants from their unlawful conduct.

## THIRTEENTH CAUSE OF ACTION

### Contributory Trademark Infringement
### (in the Alternative)

115.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34 detailed above as though fully set forth herein.

116.    By misappropriating and using at least one of Plaintiff's Marks, Defendants knowingly aided and enabled distributors and/or sellers of their products to market them to

members of the general public in a way that infringes Plaintiff's Marks by placing in the hands of distributors and/or sellers an instrument of consumer deception.

117.    Defendants' unlawful, unauthorized, and unlicensed sale of counterfeit goods has contributed to the creation of express and implied misrepresentations that the products, as sold by Defendants, were created, authorized or approved by Plaintiff.

118.    Defendants' conduct has led to post-sale confusion by causing consumers who purchase Defendants' products to believe that they are purchasing products licensed or approved by Plaintiff.

119.    Defendants' conduct constitutes contributory infringement in violation of the Trademark Act.

120.    Defendants' conduct is intentional, malicious and willful.

121.    Plaintiff has suffered substantial damages as a result of Defendants' contributory infringement.

122.    Due to Defendants' conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm.  It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendants' acts and continuing acts.  Plaintiff's remedy at law is not adequate to compensate them for the injuries already inflicted and further threatened by Defendants.  Accordingly, Plaintiff is entitled to injunctive relief.

### FOURTEENTH CAUSE OF ACTION

**Common Law Unfair Competition**

123.    Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

124.    Defendants have and are engaged in fraudulent acts or practices in violation of the prohibition against unfair competition in the States of Connecticut, Massachusetts, and/or New York.

125.    Defendants have used and are using Plaintiff's Marks in such a manner as to misrepresent the source, sponsorship, approval, and/or authenticity of their Infringing Goods.

126.    The use of Plaintiff's Marks by the Defendants creates the unreasonable risk that consumers may falsely conclude that there exists some affiliation, connection, or association between and among Plaintiff, Defendants, and the Infringing Goods.

127.    Defendants' acts have damaged, impaired, and diluted that part of Plaintiff's goodwill and good name symbolized by the above-noted Marks.  The nature, probable tendency, and effect of Defendants' use of these Marks in the manner alleged is to enable Defendants to profit and deceive the public.

128.    Defendants' use of the Marks as alleged constitutes unfair competition as prohibited by the States of Connecticut, Massachusetts, and/or New York.

129.    Defendants had actual knowledge of Plaintiff's rights at the time they decided to use Plaintiff's Marks in connection with their unlawful conduct.  Thus, Defendants willfully and deliberately infringed Plaintiff's rights.

130.    Defendants' unfair business practices are of a recurring nature and harmful to the consumers and the public at large, as well as Plaintiff.  These practices constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising.

131.    As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless

enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## FIFTEENTH CASE OF ACTION

### Unjust Enrichment

132.   Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

133.   Defendants have and are engaged in acts of unjust enrichment entitling Plaintiff to quasi-contractual relief under the laws of the States of Connecticut, Massachusetts, and/or New York.

134.   Defendants have derived economic benefit from the unlawful sale of their Infringing Goods.

135.   Defendants have paid no compensation to Plaintiff for their counterfeit Infringing Goods.

136.   As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

## SIXTEENTH CAUSE OF ACTION

### Conspiracy

137.   Plaintiff re-alleges and incorporates by reference each of the factual allegations contained in paragraphs 1-34, detailed above as though fully set forth herein.

138.   An agreement and conspiracy existed and continues to exist between and among the Defendants and other co-conspirators to unlawfully manufacture, advertise, and sell products

that infringe Plaintiff's Marks, which results in unfair competition, unjust enrichment, trademark infringement, among other things.

139.    Each Defendant knowingly agreed to engage, and did engage, in one or more overt acts in pursuit of the conspiracy as set forth with more particularity in this Complaint.

140.    Plaintiffs have been proximately damaged by the conspiracy and Defendants' actions in furtherance thereof.

141.    There is no adequate remedy at law to fully compensate Plaintiffs for the harm caused by Defendants' conspiracy.

142.    Defendants' acts constitute a civil conspiracy.

143.    As a result of Defendants' acts, Plaintiff has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiff further immediate and irreparable damage.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action alleged herein.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    That the Court enter a judgment in favor of Plaintiff and against all Defendants on all the claims set forth in the Complaint.

2.    That each of the above acts was willful, intentional, and/or in malicious disregard of Plaintiff's lawfully protected rights.

3.    Granting an injunction preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns,

and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

(a)    Engaging in any activity including advertising, promoting, marketing, selling and offering for sale (or authorizing any third party) any goods or services bearing or in connection with Plaintiff's Marks, including using Plaintiff's Marks on their website, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

(b)    Engaging in any activity that counterfeits Plaintiff's Marks or any confusingly similar marks;

(c)    Engaging in any activity that infringes Plaintiff's rights in Plaintiff's Marks;

(d)    Engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Marks;

(e)    Engaging in any unfair competition with Plaintiff; and

(f)    Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

(g)    Using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false

designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

(h)     Receiving any compensation, whether in money, in kind, or otherwise, for any of the acts proscribed in subparagraphs (a) – (g) above, either directly or through third-parties;

(i)     Misappropriating that which rightfully belongs to Plaintiff or in which Plaintiff has a proprietary interest.

4.     Requiring Defendants, their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, to remove any products being offered that bear any of Plaintiff's Marks, or any similar designation thereto.

5.     Requiring Defendants, their agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants to engage in corrective advertising as necessary.

6.     Awarding Plaintiff its compensatory, consequential, statutory, special, treble, and punitive damages including, without limitation, Plaintiff's lost profits, loss of goodwill, and damage to Plaintiff's reputation, cost of corrective advertising, Defendants' gross profits, as provided by law, together with pre and post-judgment interest.

7.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act.

8.     Awarding Plaintiff its costs and reasonable attorneys' fees.

9.     Awarding such other or further relief as the Court may deem just and proper.

Respectfully submitted this 30th day of May, 2023.

**CARLTON FIELDS, P.A.**

/s/ James M. Sconzo
James M. Sconzo
Connecticut Bar No. 400883
Brendan N. Gooley
Connecticut Bar No. 437215
One State Street, Suite 1800
Hartford, CT  06103
(860) 392-5000
(860) 392-5058
Email:  jsconzo@carltonfields.com
              bgooley@carltonfields.com

Gail Podolsky (pro hac motion to be filed)
Georgia Bar No. 142021
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia  30309
(404) 815-2714
(404) 815-3415 fax
Email:  gpodolsky@carltonfields.com

*Attorneys for Plaintiff*
*Sacred Heart University, Inc.*